[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 16, 1999 the plaintiff, Pepper Partners Limited Partnership, commenced this foreclosure action against the defendant, Edward A. Visconti, Jr.[1] to foreclose a mortgage made by him in connection with his purchase of property located at 199-211 Naugatuck Avenue, Milford, Connecticut from the plaintiff. The complaint alleges that Edward A. Visconti is in default of the mortgage, due to nonpayment of a note, signed in connection with the purchase. The defendant has filed an answer, admitting many of the material allegations of the complaint. The answer, however, also raises four special defenses, to wit, that there was fraudulent inducement in the making, validity and enforcement of the contract, that there were fraudulent misrepresentations and/or nondisclosures of fact in the making, validity and enforcement of the contract, that there was fraudulent prevention of inquiry and that there was a breach of the implied covenant of good faith and fair dealing in the making, validity and enforcement of the contract. The special defenses contend that the property had been formerly used as a gasoline service station, as well as for auto body repairs and painting. The defendant planned to expand the structure and to use the property for motor vehicle sales, repairs, rental and storage CT Page 241 but he was prevented from doing so, as the property was contaminated with hazardous substances. The defendant contends that the contamination was present prior to the sale and through the fraud of the plaintiff, the defendant was mislead as to the condition of the property.[2]
The plaintiff has moved for summary judgment. The plaintiff has filed three memorandums of law containing numerous exhibits, including copies of deposition transcripts, pleadings, affidavits and other documents in support of its motion. The defendant has also filed three memorandums in opposition, containing numerous exhibits, including copies of affidavits, deposition transcripts, partnership agreements, deeds, department of environmental protection records, local records and other documents. Oral argument was heard by the court on December 3, 2001.
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000) . Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732,751, 660 A.2d 810 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Appleton v. Board of Education, supra, 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case . . . Issue[s] of fact encompass not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them. (Internal quotation marks omitted; Citations omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
The court has reviewed the extensive material and exhibits filed by both parties in this matter. It is abundantly clear that genuine issues of material fact exist which need to be resolved by a full hearing on the merits. At a minimum, a finding as to what knowledge each party had as to the condition of the property at the time of purchase, what was the condition of the property at the time of purchase and what, if anything, was disclosed by each party to the other must be made. Other genuine issues of material fact remain on which the parties differ. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). CT Page 242
In addition, the voluminous nature of the exhibits presented in connection with this motion is evidence of the complex nature of this action, both factually and as to the legal nature of the claims made. Summary judgment is "ill adapted to cases of a complex nature . . . which often need the full exploration of trial." (Citation omitted.)United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375,260 A.2d 596 (1969); see also Miller v. United Technologies Corp.,233 Conn. 732, 752, 660 A.2d 810 (1995). As genuine issues of material fact remain which must be resolved by a full hearing on the merits, the plaintiff's motion for summary judgment is denied.
BY THE COURT
CURPAN, J.